UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER BECKHAM,<br><br>Defendant | Case No. 3:18-cr-00075<br><br>Chief Judge Crenshaw<br>Magistrate Judge Newbern |

## ORDER

On September 6, 2018, the Court received from the U.S. Office of Probation and Pretrial Service a petition for a hearing on an alleged violation of the conditions of pretrial release by Defendant Christopher Beckham. The Court set the petition for hearing on September 13, 2018. (Doc. No. 56.) At the hearing, the United States made an oral motion to revoke Beckham's pretrial release, which it supported with a written motion after the hearing. (Doc. No. 57.) The Court heard testimony from Pretrial Services Officer Laminta Poe and Beckham's fiancée, Megan Ryman. At the conclusion of the hearing, and for the reasons stated herein, the Court ordered that Beckham's pretrial release be REVOKED and that he be DETAINED pending his trial in this matter.

**Factual Background**

The Court previously ordered that Beckham participate in the Hope Center Ministries year-long inpatient drug treatment program as a condition of his pretrial release. (Doc. No. 48.) This was the Court's third modification of Beckham's release conditions. Beckham was originally released to the third-party custody of his mother and placed on home detention. (Doc. No. 16.) Soon thereafter, the Court received notice from the Office of Pretrial Services that Beckham had

1

tested positive for the use of controlled substances on four occasions. (Doc. No. 29.) Beckham admitted to these violations and asked to be transferred to the third-party custody of Ms. Ryman and placed in an inpatient drug treatment program. The Court increased Beckham's restrictions to home incarceration, placed him in Ms. Ryman's third-party custody, and ordered that he be placed in the first available in-patient treatment program. (Doc. No. 31.) Beckham was admitted to treatment at Samaritan House on May 31, 2018. (Doc. No. 37.)

On June 5, 2018, Pretrial Services notified the Court that Beckham had left the Samaritan House program the day before after refusing to submit to a drug screen. (Doc. No. 41.) At a hearing on this petition, it was determined that Beckham had kept a contraband cellphone after entering the Samaritan House program and had used it to have methamphetamine delivered to him at the inpatient facility. (Doc. No. 48.) When this was discovered, Beckham refused a drug screen and left the program.

Poe testified that she had obtained placement for Beckham at the Hope Center and recommended that he be placed there as an enhanced condition of his pretrial release. Poe testified that the program would entail a six-week "lock-down" period of intensive drug treatment followed by an eight-month supervised employment program and a two-month reentry program. Poe testified that she believed this was an appropriate placement for Beckham because of its extended length and its focus on working with each patient's family as part of the program. The Court "allow[ed] Beckham the opportunity to address his drug addiction in the more-stringent" Hope Center program. However, the Court also put Beckham "on notice that any evidence that he is being deceitful with that program or otherwise manipulating or violating the conditions of his pretrial release will likely result in its revocation." (Doc. No. 48.)

2

**The Current Petition and Revocation Hearing**

Beckham entered the Hope Center program on June 19, 2018. The petition alleges—and Beckham does not dispute—that, on August 30, 2018, he was discharged from the Hope Center program. (Doc. No. 56.) Beckham was discharged for using an unauthorized cell phone while at his job site and leaving the job site without permission to go to McDonald's with an unknown female, in violation of the Hope Center's "work therapy policy, leaving without permission or supervision policy, and . . . the relationship policy since the female was not his fiancé[e]/third-party custodian." (*Id.*). In the Court's hearing on this petition, Officer Poe testified that, when Beckham was informed that he would be discharged from the Hope Center, he became "irate," and "verbally threatened" and "got in the face" of Hope Center program supervisors, who then required him to leave the program campus immediately.

Beckham offered evidence from the Hope Center that, during his two-month stay in the program, he passed all drug and alcohol tests, was courteous and respectful to the program administrators, and completed all program requirements up to his dismissal. (Def. Ex. 1.) Officer Poe agreed that Beckham had exhibited a "remarkable change" after entering the Hope Center program. Beckham had maintained sobriety for twelve weeks and had complied with all of Poe's directives. Poe testified that Beckham had been incarcerated for twenty-four hours because he arrived late to a court appearance in Wilson County, Tennessee, due to transportation issues. Poe confirmed that this was not a violation of Beckham's conditions of pretrial release and testified that he had remained in contact with her throughout the incident.

Beckham's fiancée and third-party custodian, Megan Ryman, testified to Beckham's 101 days of sobriety and his enthusiastic participation in the Hope Center and its affiliated church. Ryman testified that Beckham had several employment opportunities outside of the Hope Center

and wanted to work, were he to be released. Ryman also testified that Beckham could re-enroll in the Hope Center program after thirty days.

**Legal Standard**

A motion for the revocation of an order of pretrial release is governed by 18 U.S.C. § 3148(b), which provides that the United States "may initiate a proceeding for revocation of an order of release by filing a motion with the district court." 18 U.S.C. § 3148(b). Upon the filing of such a motion, the court "shall enter an order of revocation and detention if, after a hearing," it finds certain conditions to exist. *Id.* The court's first question is whether there is probable cause to believe that the person has committed a federal, state, or local crime while on release. *Id.* § 3148(b)(1)(A). If so, a rebuttable presumption arises that no condition or combination of conditions of release will assure that the person is not a flight risk or does not pose a danger to any other person or the community. *Id.*

Where there is no allegation that a crime has been committed, the court must determine whether the United States has proved by clear and convincing evidence that the person has violated any other condition of release. *Id.* § 3148(b)(1)(B). If so, and if the United States has proved by a preponderance of the evidence that there is no condition or combination of conditions that will assure the person is not a flight risk or does not pose a danger to any other person or the community *or* that the person is unlikely to abide by any condition or combination of conditions of release, the court must enter an order of revocation and detention. *Id.* § 3148(b)(2).

**Analysis**

There is no allegation that Beckham has committed a federal, state, or local offense while on pretrial release. Accordingly, the Court's analysis proceeds under 18 U.S.C. § 3148(b)(1)(B), and it must first determine whether the United States has shown by clear and convincing evidence

4

that Beckham has violated any other condition of his release. The United States has met that burden. Beckham does not dispute that he violated the Hope Center's rules and that these violations resulted in termination from the program in which his conditions of release required him to participate. The Court must therefore determine whether the United States has shown by a preponderance of the evidence that there are no conditions that would assure Beckham's appearance and the safety of the community or that Beckham is unlikely to abide by any conditions imposed.

The Court finds that Beckham must be detained under the second inquiry. While there are conditions that could mitigate any risk of flight Beckham might pose (electronic monitoring and home incarceration) and any danger to the community (in-patient drug treatment), Beckham has repeatedly shown those conditions to be ineffective in his case.

Beckham's initial conditions of release required home detention in the custody of his mother. He violated those conditions by breaking home detention to purchase and use drugs. The Court increased his conditions to require home incarceration with a different custodian, Ms. Ryman, and in-patient drug treatment. Beckham violated those conditions by taking a contraband cellphone to the in-patient treatment program and using it to purchase drugs. The Court increased Beckham's conditions a final time to require his enrollment in the intensive in-patient Hope Center program and put Beckham on notice that any violation would result in his pre-trial detention. Knowing that, and under the supervision of both his Pretrial Services Officer and the Hope Center staff, Beckham again used a contraband cellphone and violated the Hope Center's policies by leaving his job site without authorization.

5

**Conclusion**

The Court does not discount the significance of Beckham's recent sobriety and his commitment to maintaining it. However, Beckham's history on pre-trial release gives the Court little reason to believe that he will abide by any additional increased conditions it could impose. For this reason, the United States' motion is GRANTED. Beckham will be in the custody of the U.S. Marshal pending any further proceedings in this case.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

6

Case 3:18-cr-00075   Document 75   Filed 10/15/18   Page 6 of 6 PageID #: 674