UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:18-CR-75 |
| | ) | Chief Judge Waverly D. Crenshaw |
| CHRISTOPHER BECKHAM | ) | |
| | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS

The United States of America, by and through United States Attorney Donald Q. Cochran, Assistant United States Attorney Sara Beth Myers, and Civil Rights Division Trial Attorney Michael J. Songer, hereby responds to the defendant's Supplemental Brief in Support of Motion to Dismiss for Lack of Jurisdiction, ECF No. 107.

Defendant Beckham raises an as-applied challenge to the Hate Crime Prevention Act ("HCPA"), 18 U.S.C. § 249(a)(2), arguing that committing a bias-motivated assault using a knife that has traveled in interstate commerce is insufficient to establish federal jurisdiction. The lone new authority cited in defendant's most recent filing, however, involves a challenge to a different federal statute with a different jurisdictional foundation than the HCPA. Indeed, the defendant points to a challenge to the federal law criminalizing female genital mutilation, 18 U.S.C. § 116(a)––a statute with *no* jurisdictional hook. *See* ECF No. 107 at 2-5 (citing *United States v. Nagarwala*, 350 F. Supp. 3d 613 (E.D. Mich. 2018)). The *Nagarwala* court held that it lacked jurisdiction over the female genital mutilation case in part because "[t]here is no jurisdictional element" in the charged statute. *Id.*, 350 F. Supp. 3d at 629. By contrast, the statute at issue in the instant matter, 18 U.S.C. § 249, has an express jurisdictional hook. *See* 18 U.S.C. §§ 249(a)(2)(B)(i)–(iv); *United*

*States v. Mason*, 993 F. Supp. 2d 1308, 1317 (D. Ore. 2014) ("the jurisdictional element of the HCPA . . . is sufficient to satisfy the requirements of the Commerce Clause").

The prime deficiency in *Nagarwala*— the lack of any jurisdictional element—shows why federal jurisdiction *is appropriate* here. Unlike § 116(a), the HCPA enumerates four specific bases for Commerce Clause jurisdiction. The grand jury charged the jurisdictional element requiring the government to prove that Defendant Beckham used a dangerous weapon that traveled in interstate commerce. *See* Indictment, ECF No. 3. *Nagarwala* does not address the long line of authority allowing Congress to regulate weapons that travel in interstate commerce and therefore furnishes no support for the defendant's motion to dismiss. Rather, *Nagarwala* underscores the centrality of statutory jurisdictional elements to the Commerce Clause analysis. Federal jurisdiction is appropriate here for a violation of the HCPA, where the defendant's indictment charges the type of jurisdictional element that *Nagarwala* found lacking.

## ANALYSIS

I. **The Defendant's Use of a Knife that Traveled in Interstate Commerce – a Charged Jurisdictional Element – is Sufficient for Federal Jurisdiction**

The HCPA specifies four ways that a particular bias-motivated assault can have a sufficient nexus to interstate or foreign commerce to trigger federal jurisdiction under the Commerce Clause. The grand jury charged that the defendant's conduct satisfied the third jurisdictional element, 18 U.S.C. § 249(a)(2)(B)(iii), by "us[ing] a dangerous weapon that had traveled in interstate commerce" when he attacked two young Muslim girls and their father with a knife. ECF No. 3. The jurisdictional hook codified in subsection (B)(iii) is supported by a line of authority holding, in various contexts, that Congress has the power to regulate the use and possession of weapons that have traveled in interstate commerce. *See, e.g.*, *Scarborough v. United States*, 431 U.S. 563 (1979); U.S. Supp. Br. on Def's Mot. to Dismiss, ECF No. 86, at 3-4, 9-16.

2

The principle that Congress may regulate weapons that move in interstate commerce remains good law, even after the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000). *See, e.g.*, *United States v. McBee*, 295 F. App'x 796, 798 (6th Cir. 2008) (collecting cases that "affirm the constitutionality of the felon-in-possession statute and the continuing authority of *Scarborough*"); *United States v. Napier*, 233 F.3d 394, 402 (6th Cir. 2000) ("Nothing in *Morrison* casts doubt on the validity of § 922(g), which regulates a product of interstate commerce.") (internal quotations omitted); *United States v. Patton*, 451 F. 3d 615, 635 (10th Cir. 2006) (affirming federal jurisdiction for prosecution where body armor had "moved across state line at some point in its existence"). *Nagarwala* does not address this line of authority.

Two post-*Morrison* district court decisions have upheld federal jurisdiction for HCPA prosecutions based on the presence of the same jurisdictional element charged here. *See United States v. Mullet*, 868 F. Supp. 2d 618 (N.D. Ohio 2012), *rev'd on other grounds*, 767 F.3d 585 (6th Cir. 2014) (finding the HCPA constitutional on its face and as applied where the government charged that the defendant committed a bias-motivated assault using hair clippers and scissors that had traveled across state lines); *Mason*, 993 F. Supp. 2d 1308 (affirming federal jurisdiction for an HCPA prosecution where the government charged that the defendant committed an assault with a metal tool that was "a dangerous weapon that had traveled in interstate commerce").[1] These decisions found that interstate movement of a weapon alone establishes federal jurisdiction. *See, e.g.*, *Mason*, 993 F. Supp. 2d at 1317 ("If the Government can prove that the weapon Mason allegedly used traveled in interstate or foreign commerce, the jurisdictional element will be

---

[1] The Government's prior Supplemental Brief discusses decisions by two other district courts regarding the application of *different* HCPA jurisdictional elements that are not at issue here. *See* ECF No. 86 at 4-14 (discussing *United States v. Jenkins* and *United States v. Hill*).

3

satisfied."). The same principle applies here. Defendant's indictment alleges that Defendant Beckham swung a knife that "had traveled in interstate commerce" as he attacked his victim. ECF No. 3. This charge establishes federal jurisdiction.

## II. *Nagarwala* Underscores the Importance of Statutory Jurisdictional Elements

The defendant's supplemental brief asks the Court to dismiss his indictment based in part on the *Nagarwala* court's determination that it lacked jurisdiction over a prosecution for violating 18 U.S.C. § 116(a), the federal statute prohibiting female genital mutilation. Defendant claims *Nagarwala* is "plainly relevant and persuasive authority for Mr. Beckham's case" because "both the FGM statute and the HCPA seek to regulate essentially assaultive behavior with at best an indirect connection with commerce." ECF No. 107 at 3. This claim ignores the critical difference between § 116(a) and the HCPA—the presence of an explicit jurisdictional element establishing a connection to interstate commerce.

The *Nagarwala* court first recognized that "the absence of a jurisdictional element is unimportant" if there is otherwise sufficient evidence of an effect on interstate commerce. *Nagarwala*, 350 F. Supp. 3d at 629. The *Nagarwala* court concluded that evidence was lacking in the FGM case before it. It should be noted, however, that the *Nagarwala* court did not rest its jurisdictional analysis after determining that there was no significant interstate female genital mutilation market for Congress to regulate. Rather, the court explained that it still "must consider [] whether the statute contains 'a jurisdictional element limiting the reach of the law to a discrete set of activities that has an explicit connection with, or effect on, interstate commerce.'" *Nagarwala*, 350 F. Supp. 3d at 628-29 (citing *Norton v. Ashcroft*, 298 F.3d 547, 555-56 (6th Cir. 2002)). Without this jurisdictional hook, the *Nagarwala* court concluded that § 116(a) was an unconstitutional exercise of Congress' authority. *Id.*, 350 F. Supp. 3d at 629-30.

4

*Nagarwala* therefore underscores the jurisdictional foundation of Defendant Beckham's prosecution, which is grounded on the jurisdictional element that the knife the defendant used to attack his victims traveled in interstate commerce. Defendant Beckham acknowledges that the presence of this jurisdictional hook is "legally significant," but argues that it is not "outcome-determinative." ECF No. 107 at 3-4. Yet— as in his prior briefing—the defendant cites no case holding that a charged jurisdictional element requiring a weapon to have traveled in interstate commerce is insufficient to establish federal jurisdiction. Perhaps this is because the case law squarely rejects his argument. *See* ECF No. 86 at 8-14; ECF No. 88 at 3-6.

In the absence of authority that supports his argument regarding the jurisdictional hook at issue in this HCPA prosecution, the defendant points to a recent letter sent from the Solicitor General to a member of Congress explaining that the Justice Department will not appeal the *Nagarwala* decision. *See* ECF No. 107 at 4. The letter explains that the *Nagarwala* court "emphasized that, unlike many federal criminal statutes, Section 116(a) does not include any jurisdictional elements," and then concludes that the Justice Department lacks a reasonable defense of the statute "as currently worded." ECF No. 107-1 at 1-2. The letter urges Congress to pass a revised statute that includes jurisdictional hooks showing a specific connection to interstate commerce. *Id.* at 2-3. The Justice Department proposal includes several jurisdictional elements most relevant to female genital mutilation, such as whether "a payment," "offer," or "a communication is made" in or affecting interstate commerce "in furtherance of FGM." ECF No. 107-1 at 3.

The defendant argues that the fact that the proposed jurisdictional elements for the FGM statute did not include the jurisdictional element charged here—a dangerous weapon moved in interstate commerce—shows that the Government lacks "faith" in its legal position. ECF No. 107

5

at 4. This implication is unpersuasive and illogical. A statute need not list *all* of the potential jurisdictional elements that might apply in federal criminal statutes. Rather, it is reasonable to assume that Congress would include only those relevant to conduct targeted by the statute. For example, Congress did not include jurisdictional elements relating to interstate payments, offers, or communications – included in recommended legislative fix to Section 116(a) – in the HCPA because hate crimes rarely involve those acts. Accordingly, the Solicitor General's letter cannot reasonably be read to suggest that federal courts lack jurisdiction over the important federal criminal statutes premised on the jurisdictional element of items moving in interstate commerce. *See, e.g.*, 18 U.S.C. § 249(a)(2)(B)(iii) (tethering hate crime jurisdiction to use of a firearm, dangerous weapon, explosive device or other weapon that has traveled in interstate or foreign commerce); § 922(g) (firearm shipped in interstate commerce); § 922(n) (ammunition shipped in interstate commerce); § 2119 (carjacking of vehicles that were previously transported in interstate commerce). Rather, the Solicitor General's letter simply recognized the importance of jurisdictional elements and proposed amending Section 116(a) by adding the jurisdictional elements most relevant to the conduct covered by that statute. Presumably, the letter did not include the movement of dangerous weapons across state lines because that jurisdictional element is of minimal relevance to Section 116(a).

In short, the HCPA includes jurisdictional elements tailored to the conduct it prohibits. The specific jurisdictional element charged in Defendant Beckham's indictment establishes federal jurisdiction for this prosecution.

Respectfully Submitted,

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

*s/ Sara Beth Myers*
SARA BETH MYERS
Assistant United States Attorney
110 9th Avenue South
Nashville, TN 37203
615-736-5151 phone
Sara.E.Myers@usdoj.gov


ERIC S. DREIBAND
ASSISTANT ATTORNEY GENERAL

*s/ Michael J. Songer*
MICHAEL J. SONGER
Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-305-3204 phone
202-514-6588 fax
Michael.Songer@usdoj.gov

7

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 29, 2019, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case: Andrew Brandon, Office of the Federal Public Defender, 810 Broadway, Suite 200, Nashville, TN 37203.

                                        Respectfully submitted,

                                        *s/Sara Beth Myers*
                                        SARA BETH MYERS
                                        Assistant U.S. Attorney