UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:18-CR-00075 |
| v. | ) | |
| | ) | Chief Judge Waverly Crenshaw |
| CHRISTOPHER BECKHAM | ) | |

## PLEA AGREEMENT

The United States of America, through Mary Jane Stewart, Acting United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Sara Beth Myers and Civil Rights Division Trial Attorney Michael J. Songer and defendant, Christopher Beckham, through defendant's counsel, Mary-Kathryn Harcombe and Isaiah S. Gant, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges and Penalties

1.      Defendant acknowledges that he has been charged in the Indictment in this case with the following offenses:

   a.  Count One: a hate crime predicated on religion and national origin, which resulted in bodily injury to A. A., in violation of 18 U.S.C. § 249(a)(2). This offense carries the following maximum penalties: up to ten years in prison, a term of supervised release of not more than three years, a fine not to exceed $250,000, and a mandatory special assessment of $100.

   b.  Count Two: making materially false statements to federal investigators in violation of 18 U.S.C. §1001. This offense carries the following maximum penalties: up to

five years in prison, a term of supervised release of not more than three years, a fine not to exceed $250,000, and a mandatory special assessment of $100.

2.     Defendant has read the charges against him contained in the Indictment. The charges have been fully explained to him by his attorneys. Defendant fully understands the nature and elements of the crimes with which he has been charged.

<u>Charge to Which Defendant is Pleading Guilty</u>

3.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the Indictment, charging him with a hate crime predicated on religion and national origin, which resulted in bodily injury to A.A., in violation of 18 U.S.C. § 249(a)(2).   After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the Indictment.

<u>Acknowledgements and Waivers Regarding Plea of Guilty</u>

<u>Nature of Plea Agreement</u>

4.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case number 3:18-CR-00075.

5.     Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

       a.     If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

2

b.     If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; and that it must consider each count of the Indictment against defendant separately.

c.     If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

d.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.     At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

6.     Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

3

7.    Defendant will plead guilty because he is in fact guilty of Count One contained in the Indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

> With respect to Count One of the Indictment, on or about October 24, 2017, in the Middle District of Tennessee, the defendant, Christopher Beckham, willfully caused bodily injury to A.A. by attacking A.A., and used a dangerous weapon, a Kershaw pocket knife, that was manufactured in China and traveled in interstate commerce, in a willful attempt to cause bodily injury to A.A., because of the actual and perceived religion and national origin of A.A., A.H. and F.H., namely that he perceived A.A., A.H. and F.H. to be Muslim and of a nationality other than American.  Specifically, defendant saw A.H. and F.H., two teenage girls who were wearing hijabs, and said "Allahu Akbar!" and "Go back to your country!"; defendant then attacked A.A., the girls' father, by swinging a knife and punching at A.A., and defendant further called A.A., A.H. and F.H."Iranis" and "niggers."  A.A. suffered abrasions to his hands and injuries to his wrist as a result of the attack.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

8.    The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2018.

9.    The parties acknowledge that the presentence investigation report will contain a recommended offense level and criminal history calculations under the Guidelines and that the court must perform a guideline calculation as part of the sentencing process. However, because

4

this agreement is a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the sentence agreed to herein is an appropriate sentence regardless of the guideline calculation.

Agreements Relating to Sentencing

10.     This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include the term of imprisonment that he served in the custody of the Bureau of Prisons during his pretrial detention and the remainder of a 12-month term of imprisonment shall be served in home confinement. The sentence shall also include a three-year term of supervised release. Other than the agreed terms of incarceration and supervised release, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

**Abandonment of Property**

11.     Defendant agrees that the knife, identified as: a Kershaw folding pocketknife is evidence, contraband, or fruit of the crime for which he pleads guilty. As such, the defendant hereby abandons and relinquishes all claim, title, and interest to such property and cedes whatever interest he may have in such property to the United States with the understanding, acknowledgment, and agreement that the property may be destroyed or returned to the rightful owner without further proceedings.

5

## Presentence Investigation Report/Post-Sentence Supervision

12.     Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

13.     Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

14.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

6

## Entry of Guilty Plea

15.     The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

16.     Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence which includes a sentence of 12 months of incarceration, including time served and the reminder of the 12-month period in home confinement and a three-year period of supervised release. Defendant further waives all appellate rights and all collateral attacks concerning forfeiture and all matters related thereto. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241.  However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence which includes a sentence of 12 months of incarceration, including time served and the reminder of the 12-month period in home confinement followed by a three-year period of supervised release.

7

## Other Terms

17.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution, including counseling for A.A., A.H., and F.H. for up to one year if requested, for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.  Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and submitted to the Treasury Offset Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

18.     Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

19.     Defendant understands that the Indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

20.     Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

8

21. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

22. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

23. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 5·14-2021

_____
CHRISTOPHER BECKHAM
Defendant

24. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 5/14/2021

_____
MARY-KATHRYN HARCOMBE
ISAIAH S. GANT
Attorneys for Defendant

9

Respectfully submitted,

MARY JANE STWEART
Acting United States Attorney

By: _____
SARA BETH MYERS
Assistant U.S. Attorney

_____ (w/perm sam)
MICHAEL J. SONGER
Trial Attorney, Civil Rights Division

_____ (w/perm sam)
STEPHANIE N. TOUSSAINT
Deputy Criminal Chief

10